John DOE, Plaintiff–Appellant,

v.

THE NEWBURY BIBLE CHURCH, the Newbury Christian School, and the Newbury Bible Church and School, Defendants–Appellees,

Joseph Rinaldi, Defendant.

Docket No. 05–4915–CV.

United States Court of Appeals, Second Circuit.

Argued: March 13, 2006.

Decided: April 21, 2006.

Eric R. Gardner, Keene, New Hampshire, for Plaintiff–Appellant.

Gregory M. Eaton, Aten Clayton & Eaton PLLC, Littleton, New Hampshire, for Defendants–Appellees.

Before: JACOBS, WESLEY, Circuit Judges; KOELTL, District Judge.*

PER CURIAM.

The plaintiff-appellant, John Doe, alleges he was sexually molested as a boy by Joseph Rinaldi, the former pastor of Newbury Bible Church. Doe sued Rinaldi and the church in the District Court for the District of Vermont based on diversity of citizenship jurisdiction. Rinaldi defaulted and is not a party to this appeal. Doe asserted various state law theories of liability against the church. In particular, the plaintiff asserts that Vermont state law would permit vicarious liability of the church for Rinaldi's acts under the Restatement (Second) of Agency § 219(2)(d).

While the Vermont Supreme Court adopted § 219(2)(d) in the context of vicarious liability for the actions of a police officer in *Doe v. Forrest*, 176 Vt. 476, 853 A.2d 48 (2004), it declined to decide the application of § 219(2)(d) to other professions. Because the application of this section to the clergy is an important and unresolved issue of Vermont law and is controlling in this case, we certify this question to the Vermont Supreme Court.

## BACKGROUND

Because the District Court dismissed the plaintiff's claims on a motion for summary judgment, we recount the factual background of this case based on the summary judgment record construed in the light most favorable to the plaintiff as the non-moving party. Joseph Rinaldi was the

* The Honorable John G. Koeltl of the United States District Court for the Southern District of New York, sitting by designation.

pastor of the Newbury Bible Church from the early 1970s until December 2001. The Newbury Christian School and the Newbury Bible Church and School, also named defendants in this action, are part of the Newbury Bible Church (collectively, the "church defendants"). Doe's father and stepmother attended the church, and were personal friends of Rinaldi and his wife, Judith. At Doe's stepmother's request, the Rinaldis would babysit Doe and give him rides home from school or soccer practice. Doe also attended the Newbury Christian School for approximately six years.

On at least four occasions, Rinaldi fondled Doe inappropriately. The first instance took place at Rinaldi's office at the church. The second instance took place in Rinaldi's car as he drove Doe home from soccer practice. The third and fourth instances took place at Rinaldi's house, which was also the church parsonage. Doe never told any adult at the church about the molestation, and there was no evidence that Rinaldi had a prior criminal record or background of sexual abuse of children.

When the allegations against Rinaldi finally came to light after Doe had moved away, the church defendants immediately barred Rinaldi from church grounds and later revoked his ordination. Rinaldi pleaded guilty to three counts of lewd and lascivious conduct with a minor. Doe sued Rinaldi in the United States District Court for the District of Vermont, and also sued the church defendants under theories of respondeat superior, breach of fiduciary duty, negligent supervision, negligent hiring and retention, and punitive damages.

The church defendants moved for summary judgment, and Magistrate Judge Niedermeier issued his Report and Recommendation on July 20, 2005 recommending that the motion be granted. The district court adopted the Report and Recommendation on August 15, 2005. This appeal followed.

## DISCUSSION

On appeal, the plaintiff argues that the district court erred in rejecting the various theories of vicarious liability. The plaintiff contends that the church defendants could be found liable under a theory of breach of fiduciary duty because they had constructive knowledge of Rinaldi's propensity for sexual misconduct. The plaintiff similarly argues that the church defendants could be found liable under theories of negligent hiring, retention, and/or supervision of Rinaldi because they had such constructive knowledge. The plaintiff also argues that the Restatement (Second) of Agency § 219(2)(b) and (c) would impose vicarious liability because the church defendants as Rinaldi's employer were negligent or reckless, or breached a non-delegable duty of preventing the abuse. These arguments have no merit for the reasons explained in Magistrate Judge Niedermeier's Report, namely that there is no evidence in the record that the church defendants knew or had reason to know that Rinaldi had a propensity for sexual misconduct.

However, the plaintiff's principal argument is that the Vermont Supreme Court in *Forrest* adopted the Restatement (Second) of Agency § 219(2)(d) as a basis for an employer's liability, and that the church defendants could thus be liable for Rinaldi's actions under Vermont state law. In relevant part, § 219(2) provides:

> A master is not subject to liability for the torts of his servants acting outside the scope of their employment, unless ... (d) the servant purported to act or to speak on behalf of the principal and there was reliance upon apparent authority, or *he was aided in accomplish-*

*ing the tort by the existence of the agency relation.*

Restatement (Second) of Agency § 219(2) (1958) (emphasis added).

The plaintiff alleges that Rinaldi's tortious actions were aided by the existence of his agency relationship as pastor and principal of the defendant church and school. The plaintiff alleges that Doe's parents entrusted Doe to Rinaldi because he was the pastor, and that due to Rinaldi's position, Doe believed that he would get in trouble or would not be believed if he told other adults of Rinaldi's conduct. Thus, the plaintiff argues, the church defendants can be held liable under § 219(2)(d) even if Rinaldi's actions were unforeseeable and outside the scope of his employment.

The Vermont Supreme Court in *Forrest* expressly adopted § 219(2)(d) "as applicable in assessing whether an employer has vicarious liability for the tortious conduct of an employee when that conduct falls outside the scope of his or her employment." 853 A.2d at 57. The Vermont Supreme Court applied the relevant portion of § 219(2)(d) in reversing a grant of summary judgment against claims of vicarious liability against a county sheriff's department for sexual misconduct by a police officer, where the plaintiff argued that the officer was aided by the agency relationship in committing the tort. *Id.* at 58. The Vermont Supreme Court found the United States Supreme Court's application of § 219(2)(d) in the Title VII context to militate in favor of its application in the context of non-workplace sexual assault. *Id.* (citing *Burlington Indus., Inc. v. Ellerth,* 524 U.S. 742, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998) and *Faragher v. City of Boca Raton,* 524 U.S. 775, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998)). However, in applying § 219(2)(d) to the case before it, the Vermont Supreme Court sought to "narrow any rule" it created, and noted that "[w]hat makes the circumstances of this case virtually unique from a policy perspective is the extraordinary power that a law enforcement officer has over a citizen." *Forrest,* 853 A.2d at 60, 61.

The dissent in *Forrest* argued that this application of § 219(2)(d) would still create too broad an imposition of vicarious liability because the majority failed to distinguish qualitatively a law enforcement officer's power from the power of, for example, a "psychiatrist entrusted with a child in the privacy of his or her office" or "a teacher's power over a student." *Id.* at 74 (Skoglund, J., dissenting). The *Forrest* majority countered by offering potential grounds for the different treatment of persons in other positions of authority, although it expressly declined to limit the holding to law enforcement officers:

> The criticism does not prompt us to decide cases not before us. We do cite the California cases to point out that principled distinctions can be drawn between law enforcement officers and others in positions of authority. Whether we should adopt those distinctions should be left to future decisions.

*Id.* at 66 n. 6.

Therefore, it is unclear whether Vermont law subjects a church to vicarious liability for tortious acts of its pastor under the Restatement (Second) of Agency § 219(2)(d) if the pastor was allegedly aided in accomplishing the tort by the existence of the agency relationship with the church. Because this question is controlling in this appeal, we elect respectfully to extend an invitation to the Vermont Supreme Court to address this issue.

Vermont law allows for the federal certification of questions of state law directly to the Vermont Supreme Court. Vt. R.App. P. 14(a); *see Preseault v. City of Burlington, Vermont,* 412 F.3d 96, 102 (2d Cir.

2005). Second Circuit Local Rule § 0.27 allows for certification "to the highest court of a state an unsettled and significant question of state law that will control the outcome of a case pending before this Court." 2d Cir. R. § 0.27. The question that we certify presents purely state law issues, controls the outcome of this case, and was explicitly left open in the Vermont Supreme Court's *Forrest* opinion.

Therefore, we certify the following question to the Vermont Supreme Court:

Under Vermont law, as expressed in *Doe v. Forrest*, 176 Vt. 476, 853 A.2d 48 (2004), is a church subject to vicarious liability for tortious acts of its pastor under the Restatement (Second) of Agency § 219(2)(d) if the pastor was allegedly "aided in accomplishing the tort by the existence of the agency relation" with the church?

The Vermont Supreme Court may, of course, reformulate or expand upon this question as it sees fit. We note that we have construed the facts in the light most favorable to the plaintiff as the non-moving party and our formulation of the legal question implies no conclusion as to whether the pastor was in fact aided in accomplishing the tort by his agency relationship with the church. The panel retains jurisdiction to address this issue and any additional issues that may need to be reached after the Supreme Court of Vermont has offered its guidance or declined certification.

## CERTIFICATION

It is hereby ordered that the Clerk of this Court transmit to the Clerk of the Supreme Court of Vermont a Certificate, as set forth above, together with a complete set of the briefs, appendix, and record filed in this Court by the parties. The parties are directed to bear equally any fees and costs directed by the Supreme Court of Vermont, including any entry fee required by Vt. R.App. Proc. 3(b)(1).