05-4915-cv
Doe v. Newbury Bible Church

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

August Term, 2005

(Argued: March 13, 2006     Decided: November 14, 2007)

Docket No. 05-4915-cv

_____

JOHN DOE,
            Plaintiff-Appellant,

-v.-

THE NEWBURY BIBLE CHURCH, THE NEWBURY CHRISTIAN SCHOOL, THE
NEWBURY BIBLE CHURCH AND SCHOOL,

                        Defendants-Appellees,

JOSEPH RINALDI,

                        Defendant.

_____

Before:   JACOBS, Chief Judge; WESLEY, Circuit Judge;
          KOELTL, District Judge.[1]

    Appeal from an order of the United States District Court for the District of Vermont (Murtha, J.), which adopted the Report and Recommendation of Magistrate Judge Niedermeier and granted defendants-appellees' motion for summary judgment.  The judgment of the District Court granting defendants-appellees' motion for summary judgment is affirmed.

---

[1] The Honorable John G. Koeltl of the United States District Court for the Southern District of New York, sitting by designation.

**1**

ERIC R. GARDNER, Keene, New Hampshire, for Plaintiff-
    Appellant.

GREGORY M. EATON, Aten Clayton & Eaton PLLC, Littleton, New
    Hampshire, for Defendants-Appellees.

**PER CURIAM:**

The plaintiff-appellant John Doe ("Doe") appeals from the District Court's order dismissing his claims against the defendants-appellees the Newbury Bible Church, the Newbury Christian School, and the Newbury Bible Church and School (collectively, the "church defendants") pursuant to the church defendants' motion for summary judgment. Doe sued the church defendants and Joseph Rinaldi, the former pastor of the Newbury Bible Church, alleging that he was sexually molested as a boy by Rinaldi. Rinaldi defaulted and is not a party to this appeal.

In a prior decision, this Court found that all but one of Doe's theories of liability against the church defendants were without merit because there is no evidence that the church defendants knew or had reason to know that Rinaldi had a propensity for sexual misconduct. Doe v. Newbury Bible Church, 445 F.3d 594, 595 (2d Cir. 2006). The remaining theory of liability on appeal is Doe's claim that the Vermont Supreme Court's decision in Doe v. Forrest, 853 A.2d 48 (Vt. 2004) adopted the Restatement (Second) of Agency § 219(2)(d) as a basis under which the church

defendants could be held vicariously liable under state law.

In relevant part, section 219(2) provides that "[a] master is not subject to liability for the torts of his servants acting outside the scope of their employment, unless ... (d) the servant purported to act or to speak on behalf of the principal and there was reliance upon apparent authority, or he was aided in accomplishing the tort by the existence of the agency relation." Restatement (Second) of Agency § 219(2) (1958). In Forrest, the Vermont Supreme Court expressly adopted section 219(2)(d) and found that under section 219(2)(d) a county sheriff's department could be vicariously liable for sexual misconduct by a police officer. Forrest, 853 A.2d at 57, 67. The court noted that "[w]hat makes the circumstances of this case virtually unique from a policy perspective is the extraordinary power that a law enforcement officer has over a citizen," but declined to decide whether section 219(2)(d) was applicable to other professions. Id. at 61, 66 n.6.

Finding the issue to be an unresolved issue of Vermont law and controlling in this appeal, we certified the following question of state law to the Vermont Supreme Court: "Under Vermont law, as expressed in Doe v. Forrest, 176 Vt. 476, 853 A.2d 48 (2004), is a church subject to vicarious liability for tortious acts of its pastor under the Restatement (Second) of Agency § 219(2)(d) if the pastor

was allegedly 'aided in accomplishing the tort by the existence of the agency relation' with the church?" <u>Newbury Bible Church</u>, 445 F.3d at 597.

The Vermont Supreme Court has answered our question in the negative, holding that under Vermont law section 219(2)(d) does not apply to situations involving tortious acts by a pastor. <u>Doe v. Newberry Bible Church</u>, No. 2006-186, 2007 WL 2068322, at ¶ 8 (Vt. July 20, 2007).

Therefore, the judgment of the District Court granting the church defendants' motion for summary judgment is **AFFIRMED**.